UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEREMY D. ROUNDY,

                                 Plaintiff,                9:26-CV-0269
                                              (GTS/DJS)

      v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,

                              Defendant.

---

APPEARANCES:

JEREMY D. ROUNDY
Plaintiff, pro se
16000354
Onondaga County Justice Center
6660 E. Seneca Turnpike
Jamesville, NY 13078

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

## I.     INTRODUCTION

Pro se plaintiff Jeremy D. Roundy ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"). In the complaint, plaintiff asserted Eighth Amendment claims against DOCCS related to his confinement at Collins Correctional Facility ("Collins C.F."). *See generally* Compl.

By Decision and Order filed on May 1, 2026 (the "May 2026 Order"), this Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28

U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 7.  On the basis of that review, the Court dismissed plaintiff's complaint for failure to state a claim.  *Id.*  In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint.  *Id*.

Plaintiff's amended complaint is now before the Court for review.  Dkt. No. 9 ("Am. Compl.").

## II.   SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the May 2026 Order and will not be restated in this Decision and Order.  *See* Dkt. No. 7 at 2-4.

### B.  Summary of Amended Complaint

With the amended complaint, plaintiff identifies the following new defendants, all of whom are officers at Collins C.F.: Sergeant John Doe #1 ("Sgt. Doe #1"), Correction Officer John Doe #1 ("C.O. Doe #1"), Correction Officer John Doe #2 ("C.O. Doe #2"), Sergeant John Doe #2 ("Sgt. Doe #2"), Nurse Jane Doe ("Nurse Doe"), and Doctor John Doe ("Dr. Doe").[1] *See generally* Am. Compl.  Plaintiff has also repeated his claims against DOCCS. *See id.*

On November 6, 2024, Sgt. Doe #1 asked plaintiff if he "want[ed] PC[.]"  Am. Compl. at 2.  Sgt. Doe #1 "took plaintiff to draft" where plaintiff "put in writing" a "PC form."  *Id.*  Plaintiff was "put in a van to Side 1 B2 77 cube."  *Id.*  As plaintiff toured the dorm, he walked "past C.O. Doe #1" and was pushed into the bathroom where he was sexually assaulted by multiple inmates.  *Id*.

---

[1] The Clerk of the Court is directed to amend the Docket Report to include these defendants.

Plaintiff told C.O. Doe #1 that he was assaulted and plaintiff was transferred to the "Medical ER."  Am. Compl. at 3.  Plaintiff told Sgt. Doe #2, C.O. Doe #2, and Nurse Doe that he was sexually assaulted and needed to "got to the outside hospital per PREA protocol."  *Id*. Nurse Doe and Dr. Doe refused plaintiff's request.  *Id*.

Construed liberally[2], the amended complaint contains Eighth Amendment claims against DOCCS and the Doe defendants.  *See generally* Am. Compl.  Plaintiff seeks compensatory damages.  *Id.* at 6.

## C.  Analysis

### 1.  Severance and Transfer of Claims Related to Collins C.F.

Rule 21 of the Federal Rules of Civil Procedure permits the Court to sever any claim against a party and proceed with that claim separately.  Fed. R. Civ. P. 21.  In deciding whether to sever a claim, a court should consider the following:

> whether the claims arise out of the same transaction or occurrence; whether the claims present some common questions of law or fact; whether settlement of the claims or judicial economy would be facilitated; whether prejudice would be avoided if severance were granted; and whether different witnesses and documentary proof are required for the separate claims.

*Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).

"A claim may be severed based upon lack of a significant relationship between defendants or solely for the purpose of facilitating transfer.  Where the administration of justice would be materially advanced by severance and transfer, a court may properly sever

---

[2]  The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

the claims against one or more defendants for the purpose of permitting the transfer of the action against other defendants." *Cain v. New York State Bd. of Elections*, 630 F.Supp. 221, 225-26 (E.D.N.Y. 1986).  "A decision to sever lies within the discretion of the Court." *Id.* at 225.

Here, plaintiff's claims related to alleged wrongdoing that occurred at Collins C.F. are more appropriately heard in the Western District.  Thus, pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), the claims that arose at Collins C.F. in the Western District, along with the defendants associated with those claims, are severed from this action, and transferred to the Western District.  Thus, Sgt. Doe #1, C.O. Doe #1, C.O. Doe #2, Sgt. Doe #2, Nurse Jane Doe, and Dr. Doe, and all claims against them, will be severed and transferred to the Western District.

### 2. Eleventh Amendment

The law related to Eleventh Amendment was discussed in the May 2026 Order and will not be restated herein.  *See* Dkt. No. 7 at 6.   For the reasons discussed in the May 2026 Order, the Eleventh Amendment bars plaintiff's § 1983 claims for monetary damages against DOCCS.  *See Simmons v. Gowanda Corr. Facility,* No. 13-CV-0647, 2013 WL 3340646, at *2 (W.D.N.Y. July 1, 2013) ("the New York State Department of Corrections and [the named correctional facility] enjoy the same Eleventh Amendment immunity from suit in federal court as enjoyed by the state itself") (quoting *Posr. v. Court Officer Shield No. 207*, 180 F.3d 409, 411 (2d Cir. 1999)).

Accordingly, plaintiff's claims against DOCCS are dismissed.

4

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").

An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); s*ee also Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters,* No. 95–CV–1641 (RJP), 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997).

In this instance, plaintiff has already been provided one opportunity to amend his complaint. The deficiencies with his original complaint, identified by the court in the May 2026 Order, have not been cured with the amended complaint. Accordingly, the Court finds that any further amendment would be futile.

IV.    **CONCLUSION**

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 9) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall amend the Docket Report consistent with this Decision and Order; and it is further

**ORDERED** that pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), all claims against the Doe defendants are severed and transferred to the Western District of New York; and it is further

**ORDERED** that no ruling is made as to the sufficiency of the complaint with respect to the claims that have been severed and transferred to the Western District, leaving that determination to the Western District of New York; and it is further

**ORDERED** that the Clerk shall advise the Clerk of the Western District of New York, in writing, of the entry of this Decision and Order and provide the Clerk with a certified copy of this Decision and Order and of the docket report for this action, together with all information necessary for the Clerk of the Western District of New York to electronically access the documents filed in this action; and it is further

**ORDERED** that the fourteen (14) day waiting period provided for in Local Rule 83.6 is hereby waived; and it is further

**ORDERED** that the amended complaint (Dkt. No. 9) is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Date: June 24, 2026
Syracuse, NY

Glenn T. Suddaby
U.S. District Judge